UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

*In re:*

Community Electric & Lighting Supply, Inc.
d/b/a The Lighting & Design Center

                    Debtors

Chapter 7
Case No.  14-12119-JMD

**Hearing Date & Time Requested**

### CHAPTER 7 TRUSTEE'S MOTION FOR ORDER APPROVING SALE OF PROPERTY OF THE ESTATE (ALL SALEABLE PERSONAL PROPERTY OF THE DEBTOR LOCATED AT 129 ROCKINGHAM ROAD DERRY, NEW HAMPSHIRE) AT PUBLIC AUCTION AND PRIVATE SALE FREE AND CLEAR OF LIENS, CLAIMS INTERESTS AND ENCUMBRANCES ON SHORTENED NOTICE

Michael S. Askenaizer, Chapter 7 Trustee in the above-captioned case, ("**Trustee**") by and through his proposed counsel, McLane, Graf, Raulerson & Middleton, Professional Association, moves pursuant to Bankruptcy Code §§363 (b) and (f) and LBR 6004-1 to sell on shortened notice all saleable personal property of the Debtor located at 129 Rockingham Road, Derry, New Hampshire, including, but not limited to, those items listed on Schedule B, Section 25 (automobiles, vehicles, etc.) and the Inventory attached to Schedule B (which includes non-inventory items including machinery, equipment (including a forklift), office equipment, furniture, and supplies) (the "**Personal Property**"), at Public Auction and private sale to be conducted by James R. St. Jean Auctioneers  (the "**Auctioneers**") on December 17, 2014, or as soon thereafter as reasonable and practicable.  In support of this Motion, the Trustee states as follows:

**BACKGROUND FACTS**

1. The Debtor filed a Chapter 7 petition for relief under the Bankruptcy Code on October 31, 2014 (the "**Petition Date**"). On November 3, 2014, Michael S. Askenaizer was duly appointed Chapter 7 Trustee.

2. Prior to the Petition Date the Debtor was the owner and operator of a retail lighting and electrical supply business which it conducted at 129 Rockingham Road, Derry, New Hampshire (the "**Store**"). Upon information and belief, the land and building where the Store is located was owned by the Debtor's principal as of the Petition Date.

3. The Debtor listed many items on its Schedule B, Paragraph 25 and an Inventory, copies of which are attached to this Motion as "**Exhibit A**," and which comprise some, and perhaps all, of the Personal Property the Trustee intends to sell through the Auctioneer. To the extent that there are items located at the Store location which are not listed on Exhibit A, but appear to belong to the Debtor, the Trustee intends to sell them through the Auctioneer as part of the Personal Property, with any liens thereon, if applicable, to attach to the proceeds of the sale.

4. Upon information and belief after due inquiry, the Debtor is a New Hampshire corporation. On November 5, 2014, the Trustee obtained a UCC-11 reflecting liens recorded at the NH Secretary of State against the Debtor's assets as of and including the Petition Date. A copy of the UCC-11 search results are attached to this Motion as "**Exhibit B**."

5. The Trustee intends to sell as much of the Personal Property located at the Store as possible. The Store consists of a showroom containing mostly display models

of lighting fixtures, office space containing used office furniture and office equipment, and approximately 20,000 square feet of warehouse space containing a large volume of open lots of various electrical supplies on warehouse racking. Approximately 10,000 square feet of the warehouse space contains empty warehouse racking. The Debtor also owns two used storage containers containing miscellaneous items and business records located outside the Store on the premises; according to the Auctioneer a private sale for scrap would likely yield the best result for the estate.

6. According to the Debtor, on or about January and February 2014 the Debtor conducted a "going out of business" sale during which it discounted inventory from 35% to 50% and then to 75% before shutting down operations. Much of the remaining lighting fixture inventory portion of the Personal Property are display models or dated inventory according to the Debtor and Auctioneer. According to the Debtor, a significant portion of the Personal Property consists of old inventory liquidated by other lighting and electrical supply businesses and used parts and "odds and ends" accumulated by the Debtor over a long period of time for use as spare parts and therefore also dated. Selling them as soon as possible will benefit all parties, especially the estate because any carrying costs incurred are unlikely to result in a higher return for the estate. Therefore, the Trustee believes a public auction by the Auctioneer of as many items as possible is the best way to maximize the value of the Personal Property.

7. The Trustee is aware that certain items, such as the Kichler Security (defined below) and a metal file cabinet and desk in the office are claimed by other parties, and will endeavor, by service of this Motion, to identify items which are in dispute and

either exclude them from the auction or reach an agreement to sell them as part of the auction.

8. In order to facilitate the public auction and sales proposed in this Motion, the Trustee intends to file the *Chapter 7 Trustee's Motion to Employ James R. St. Jean Auctioneers as Auctioneer to Conduct Public and Private Sales of Assets* on Monday, November 24, 2014, upon receipt of an executed affidavit Jay St. Jean to support the motion, as well as a motion to expedite consideration of the employment of the Auctioneer so that they are able to commence advertising upon approval of both this Motion and their retention motion.

9. As will be set forth in the motion to retain the Auctioneer to be filed following this Motion, the Auctioneer has extensive experience in New Hampshire as a commercial auctioneer and has conducted other unrelated auctions of bankruptcy estate property with the approval of the Court.  Furthermore, the Auctioneer has experience and a good reputation in conducting large, estate-type auctions and should be able to obtain the best price for the Personal Property for the benefit of the estate.

## JURISDICTION

10. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §1334(b) and this matter is a core proceeding within the meaning and intention of 28 U.S.C. §157(b)(2)(N), (0), in that it is a request to liquidate assets of the bankruptcy estate.

## THE PUBLIC AUCTION

11. The Trustee will sell the Personal Property at a Public Auction to be conducted by the Auctioneer in and at the Store on or about December 17, 2014.  The

Trustee and the Auctioneer reserve the right to continue or change the date of the Auction in the event of weather or other unforseen problems which could affect obtaining the best price for the Personal Property. The Auctioneer's proposal including terms of the auction and proposed advertising regimen are attached as "**Exhibit C**" to this Motion. A summary of the Auction terms is as follows:

Date and Location: December 17, 2014, or as soon thereafter as the Trustee deems reasonable and practicable in his business judgment in consultation with the Auctioneer at the Store which is located at 129 Rockingham Road, Derry, New Hampshire.

Terms: All Personal Property must be purchased by cash, MasterCard, or Visa. All Personal Property sold for immediate removal at the buyer's expense. Auctioneer to receive a 17% buyer's premium on all sales payable upon sale by successful bidder. The Trustee and Auctioneer reserve the right to sell the Personal Property individually or in lots, to refuse to accept any offer at their discretion, and to implement other rules as they deem appropriate and consistent with the general terms outlined in the Motion.

Auction Expenses:  Auction expenses incurred by the Auctioneer shall be reimbursed to the Auctioneer out of the proceeds of the auction. In the event that the auction is cancelled, the Trustee agrees to reimburse the Auctioneer for expenses incurred, including advertising. Expenses include staging, storing and advertising of the Personal Property prior to the auction. The Auctioneer has also requested that the Trustee keep the Store premises plowed to allow access to the Personal Property stored at Store.

Continuation:  The Trustee and the Auctioneer reserve the right to continue the Auction to a future date due to weather or other issues that would impede the parties from conducting the auction. The Trustee shall have the right to continue the auction without further Court order for 90 days from the date of approval of this Motion.

Bids and Warranties:  The Trustee reserves the right to accept the highest bid at the auction, and/or reject any or all bids if he deems it appropriate to do so in his business judgment. The sale of all Personal Property shall be "as is, where is" without any representations or warranties of any kind by the Trustee.

12. All proceeds of the sales that are the subject of this Motion will be paid to the Trustee.

13. The Personal Property will be sold "as is, where is" without any representations of any kind, free and clear of all liens claims, encumbrances and interests pursuant to Sections 363(b) and (f) of the Bankruptcy Code.

14. The Auctioneer will advertise the sale as provided in the attached proposal of the Auctioneer. See Exhibit C.

15. In addition to expenses identified in Exhibit C, the Trustee seeks authority through this Motion to reimburse the Auctioneer for the purchase of a quantity of propane reasonably sufficient to heat the Store while preparing for and conducting the public auction. Except as stated herein and exhibits attached hereto, no other costs, expenses, charges, or commissions will be paid to the Auctioneer as the result of the sale of the Personal Property.

**THE PRIVATE SALE(S)**

16. The Trustee believes, based on the advice of the Auctioneer, that the value of certain Personal Property consisting of, and limited to, all or a portion of the warehouse racking and the storage containers, may be maximized through a negotiated private sale which would include dismantling and removal by the buyer.

17. The Trustee seeks authority through this Motion to determine, using his business judgment in consultation with the Auctioneer, those portions of the warehouse racking and/or storage containers which would realize greater net proceeds to the estate through private sale and to sell such items in a private sale without further order of the Court free and clear of all liens with proceeds attaching in the same manner as proceeds of the public auction described in Paragraph 18 below. Upon information and belief, the warehouse racking and storage containers are unencumbered.

**BEST INTERESTS OF THE ESTATE**

18. The Trustee believes the Public Auction of the Personal Property is in the best interests of the estate for at least the following reasons: (1) it allows the Trustee to sell the Personal Property at a well-advertised auction thereby increasing the volume of potential bidders; (2) it realizes the full value for the Personal Property and will generate some cash for the estate; and (3) it provides for a quick final sale of the Personal Property allowing the Trustee to avoid the expense of moving, storing, and/or disposing of the Personal Property.

**LIENS AND ENCUMBRANCES**

19. The Trustee is unaware of any liens, claims or encumbrances on the Personal Property except those listed in Paragraphs 4 and 19.

20. However, the Trustee requests that he be allowed to sell the Personal Property at public auction or private sale as outlined herein free and clear of all liens, claims, encumbrances and interests, pursuant to 11 U.S.C. §363, with any liens, claims, encumbrances or interests in the Personal Property, if any, to attach to and affect the sales proceeds to the same extent, and in the same order of priority, as each such lien, encumbrance or interest would attach or affect the Personal Property under the Bankruptcy Code or other applicable law, subject, in each case, to this Court's (and any party in interest's) power to determine the validity, extent or priority of any such lien, encumbrance or other interest at a later date.

21. Upon information and belief based on the UCC-11 report referenced in Paragraph 4 and reasonable investigation, The L.D. Kichler Co. ("**Kichler**") has a valid, perfected lien on certain assets of the Debtor located at the Store (the "**Kichler Security**").

Kichler has filed a proof of claim asserting a secured claim (Claim #1). The Trustee is working with Kichler to identify the Kichler Security located at the Store. In the event that the Trustee is able to reach an acceptable agreement with Kichler for a carve-out for the benefit of the Debtor's unsecured creditors other than Kichler , the Trustee intends sell the Kichler Security located at the Store. Alternatively, the Trustee may seek to abandon the Kichler Security.

## **OBJECTIONS AND EXIGENT CIRCUMSTANCES**

22. The Trustee has requested that the Court grant an expedited hearing on this Motion. The Trustee believes that shortening notice for approval of the public auction so it can be held as soon as possible is appropriate, particularly where the Trustee is simply seeking, with the limited exception of a potential private sale of warehouse racking and storage containers, permission to hold the auction through this Motion and delay will result in additional expenses to the estate. The actual sale will be done with appropriate advertising and notice by the Auctioneer.

WHEREFORE, Michael S. Askenaizer, Chapter 7 Trustee, respectfully requests this Court:

A. Grant this motion to sell free and clear of all liens claims and interests, and authorize the Trustee to sell the Personal Property at public auction on the terms and conditions contained in this motion and, with respect to warehouse racking and storage containers, in a private sale or combination of public auction and private sale;

B. Grant such other and further relief as this Court deems just and equitable.

                                        Respectfully submitted,

                                        MICHAEL S. ASKENAIZER,
                                        CHAPTER 7 TRUSTEE

                                        by his proposed counsel
                                        McLane, Graf, Raulerson & Middleton,
                                        Professional Association

Dated: November 22, 2014          /s/ *Christopher M. Dube*
                                        Christopher M. Dube (BNH# 05543)
                                        McLane, Graf, Raulerson & Middleton
                                        Professional Association
                                        900 Elm Street, P.O. Box 326
                                        Manchester, NH 03105-0326
                                        Tel:  (603) 628-1437
                                        Fax:  (603) 625-5650
                                        *christopher.dube@mclane.com*

## CERTIFICATION OF SERVICE

     I hereby certify that on this 22nd day of November, 2014, a copy of this *Chapter 7 Trustee's Motion For Order Approving Sale of Property Of The Estate (All Saleable Personal Property Of The Debtor Located At 129 Rockingham Road Derry, New Hampshire) At Public Auction And Private Sale Free And Clear Of Liens, Claims Interests And Encumbrances On Shortened Notice* was sent to the following:

     via CM/ECF to all parties on the Court's CM/ECF register identified as receiving electronic mail service in this case,

     via electronic mail to L.D. Kichler Co. d/b/a Kichler Lighting (to dfeigenbaum@kichler.com), and

     via U.S. Mail, postage prepaid, to the parties on the attached Mail Service List.

                                          /s/  *Christopher M. Dube*